# Lee *v.* Hamilton, Appellant.

*Trusts and trustees—Declaration of trust—Consideration—Evidence.*

Where a sister holds title to a farm by an absolute deed from her parents in consideration of supporting them during their lifetime, and she, during the lifetime of the surviving parent, seeks financial aid from one of her two brothers, and in consideration of such aid executes a writing by which she declares that she holds in trust one-third of the farm for one brother, and another third for the second brother, and in the same writing covenants to convey such thirds upon the death of the surviving parent, the writing is not an agreement to sell, but is a valid declaration of trust which may be enforced by eject-ment for the two-thirds interest after the death of the surviving parent.

Argued Feb. 26, 1907.   Appeal, No. 306, Jan. T., 1906, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1904, No. 623, on verdict for plaintiff in case of Helen A. Lee *v.* Caroline Hamilton.   Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Ejectment for an undivided interest in a farm in Scott township.   Before EDWARDS, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* among others, were (3) in admitting in evidence the paper dated November 21, 1887; and (1) in re-fusing binding instructions for defendant.

*Alton A. Vosburg,* with him *Charles W. Dawson,* for appel-lant.—The mere refusal of a vendor to convey, where the con-tract is parol, is not sufficient to justify anything more than a recovery of the money actually paid and the expenses in-curred on the faith of the contract, and in such case the vendee is directed to his common-law action of the assumpsit for breach of contract: Rineer v. Collins, 156 Pa. 342; Sausser v. Steinmetz, 88 Pa. 324; McClowry v. Croghan's Adm'r, 31 Pa. 22; Wilson v. Clarke, 1 W. & S. 554; Harris v. Harris, 70 Pa. 170; Thompson v. Sheplar, 72 Pa. 160; McCafferty v.

Griswold, 99 Pa. 270 ; Allison v. Montgomery, 107 Pa. 455 ; Bispham's Equity, secs. 361, 364.

When the price or consideration is not fixed or expressed in the contract, the same is within the statute, and will not be specifically enforced : Pray v. Clark, 113 Mass. 283 ; Holliday v. Hubbard, 45 Minn. 333 (47 N. W. Repr. 1134).

*Clarence Ballentine* and *Everett Warren,* of *Willard, Warren & Knapp,* for appellee, cited : Bacon's App., 57 Pa. 504 ; Rife v. Geyer, 59 Pa. 393 ; Wiser v. Allen, 92 Pa. 317 ; Cressman's App., 42 Pa. 147.

OPINION BY MR. JUSTICE BROWN, June 3, 1907 :

On July 10, 1882, Martin Lee and Jemima, his wife, conveyed to their daughter, Caroline Hamilton (then Caroline Lindsay), the farm in dispute. In consideration of such conveyance she agreed to maintain her parents as long as they lived. Her mother died in November, 1887. On the day after her death an execution was issued on a judgment against Martin Lee, and under it all the personal property on the farm was seized and advertised for sale. The appellant had two brothers, Charles E. and John Lee. She asked Charles to assist her in saving the personal property from sale by the sheriff. An interview was had between them on November 21, 1887, at the office of Judge NEWCOMB, now of the Lackawanna common pleas, who was then in active practice. The brother was disinclined to help her, stating that if the property seized belonged to their mother, as she then claimed, he had but little interest in it, and that as she had title to the farm, she would have to take care of the personal property on it as best she could. To this she replied that he had as much interest in the farm as she, adding, according to Judge NEWCOMB's testimony, " You know that I have always intended that you and John should both have your equal share after the old folks are dead." After some further discussion Charles agreed that, if she would put in writing what she had said about holding the property until their parents were dead, when he and John should each have an equal third with her, he would help her. Thereupon she executed the paper upon which the appellee bases her title as his widow

and devisee. He died in 1900. In 1893 he ·bought out the interest of John for $1,000, and the claim of the appellee is, therefore, for two-thirds of the property.

The paper executed by the appellant on November 21, 1887, after reciting the conveyance to her by her parents, contains the following declaration: " Now, know ye, that I, the said Caroline Lindsay, do by these presents make known, admit and declare, that said premises were so conveyed to me and that I now hold one undivided third part of the same in trust only for the sole use and benefit of Charles E. Lee, his heirs and assigns, and one other undivided third part thereof in trust only for the sole use and benefit of John Lee, his heirs and assigns, both of said cestui que trustent being my brothers, and that I have no beneficial interest in either of said purparts of said premises. And I do for myself, my heirs, executors and administrators covenant and agree, to and with the said Charles E. Lee and John Lee, and each of them, and each of their executors, administrators, heirs and assigns that I or my heirs shall and will convey the said purparts upon the death of my father Martin Lee to Charles Lee and John Lee, their heirs and assigns, as they may direct." After the execution and delivery of this paper to· Charles, he carried out his agreement to save the personal property for his sister by buying it in for her at the sheriff's sale and leaving it on the premises. He subsequently paid off a judgment against the farm for $3,000, which was a lien upon it at the time the appellant acquired title. She and her father lived on the premises together until the latter's death in 1892, and Charles permitted her to remain in possession of it during his lifetime. According to the testimony, she offered to sell her third to him on several occasions, but he was unwilling to buy it at the price she asked for it. After his death she claimed title to the whole farm, and this action was brought, resulting in a verdict in favor of the plaintiff.

One of the objections made on the trial by the defendant to the admission of the paper executed by her on November 21, 1887, was that at that time she was a married woman and her husband had not joined in it. There was proof that Alexander Lindsay, to whom she was married August 3, 1865, deserted her a very short time after their marriage, her own

testimony being that he lived with her but six weeks. The proof of the husband's desertion was most convincing, but the question was submitted to the jury under instructions that, if they found he had deserted her, the paper was valid under the Act of May 4, 1855, P. L. 430. Another objection was that it had been procured from her by duress resulting from threats of physical violence by her brothers. This question was also submitted to the jury, but upon evidence of shadowy character. On this appeal neither of these objections is made, and we need not, therefore, consider them. The contention of the appellant is that the instrument is but a contract for the sale of real estate, and, as the appellee introduced parol evidence to show its terms and the consideration for it, it became a parol contract, not enforcible under the statute of frauds.

When Charles Lee was importuned by his sister to come to her relief, and he was unwilling to do so for the reason given by him, he did not finally agree to help her because she said she intended to give two-thirds of the farm to him and his brother upon the death of their parents, or in consideration of any agreement by her to convey such interest to them, but upon her agreement to declare, in writing, that she held and would hold title to two-thirds of the farm in trust for them, and this she then did in consideration of his agreement to help her, which he carried out. The paper cannot be regarded as a valid declaration of an existing trust that had been created by the parents on July 10, 1882, for such a declaration, made in November, 1887—more than five years afterwards—would be of no validity under the Act of April 22, 1856, P. L. 532; but in November, 1887, the appellant, as the sole and absolute owner of the property, was competent to create and declare a trust in it for her brothers, and she did so for a valuable consideration moving her. She made no agreement to sell to them, nor was her agreement merely to execute to each of them at some future time a deed for an interest in the property. It was a solemn declaration that then, on November 21, 1887, in consideration of the agreement of her brother Charles to help her, she held, and would continue to hold, title to two-thirds of the farm in trust as trustee for her two brothers. In giving this effect to her words, which is claimed for them by the appellee, we but attribute to them their literal meaning,

and in doing so are carrying out the clearly expressed intention of the appellant at the time she used them. The learned judge below, in his opinion overruling the motion for a new trial, correctly held that "the instrument in question creates a trust as of its date, based upon a sufficient and legal consideration;" and this ejectment was the proper remedy to enforce appellee's rights as the owner of two-thirds of the property, which vested in her husband and his brother under the appellant's declaration of trust: Bacon's Appeal, 57 Pa. 504; Rife v. Geyer, 59 Pa. 393.

Judgment affirmed.