# Kauffman et al. v. Kauffman et al.

*Trusts and trustees—Parol agreement—Enforcement—Statute of frauds—Confession of trust by trustee—Enforcement of trust against judgment creditor of trustee—Equity.*

1. Where a parent and next friend of his minor child, invests the child's money in real estate, the title to which is taken in the name of the parents with the express oral agreement that the property belonged to the child and would be conveyed to her upon her marriage, a trust may be enforced against the parents and against their judgment creditor where the parents, in the course of litigation to have the trust declared, confess the trust.

2. Although an express trust of land resting in parol, cannot be enforced against the trustee if he elects to avoid it, a parol trust is valid where the trustee confesses it in open court; and where the trustee confesses the trust it may be enforced against a judgment creditor of the trustee.

3. A mortgagee who entered a general judgment upon the bond secured by mortgage is not protected by the recording laws against trusts of which he has no notice, upon lands of the mortgagor not covered by the mortgage; nor is he allowed to hold against the cestui que trust, inasmuch as the lien of the judgment attaches merely to the mortgagor's interest in such lands.

*Trusts and trustees—Resulting trusts—Act of June 4, 1901, P. L. 425—Protection of judgment creditor—Applicability where cestui que trust is minor—Equity.*

4. The Act of June 4, 1901, P. L. 425, declaring that resulting trusts arising from the payment of purchase money of land by one person and the taking of the legal title in the name of another, shall be void as to bona fide judgment creditors unless a declaration of trust be recorded or action of ejectment has been commenced by the person advancing the money, is not applicable to a

case where the person advancing the money is a minor without capacity to contract.

5. Where the father and next friend of his minor child invests the child's money in land, there is a resulting trust in favor of the child no matter in whose name the title may be taken.

*Trusts and trustees—Resulting trust—Act of April 22, 1856, Section 4, P. L. 532—Application.*

6. Section 4, of Act of April 22, 1856, P. L. 532, declaring that declarations or creations of trusts in lands shall be in writing, is inapplicable to a resulting trust arising from the fact that the land was paid for with the money of one person and title taken in the name of another.

*Resulting trust — Agreement — Payment of purchase money — Time of payment.*

7. A trust results at the time of the purchase where there is then a distinct understanding that the property is bought for the beneficiary and to be paid for with his funds, although such payment is temporarily deferred, or made by installments, or the purchase money is furnished by another on behalf of the beneficiary.

*Appeals—Questions not raised in lower court—Statutes of limitations—Section 6, Act of April 22, 1856, P. L. 532.*

8. Objection that a suit to enforce a resulting trust is barred by Section 6 of Act of April 22, 1856, P. L. 532, because not brought within five years, is not properly before the Supreme Court on appeal, where that objection was not raised in the lower court.

*Trusts and trustees—Limitations of actions—Suit to enforce trust—Section 6, Act of April 22, 1856, P. L. 532—Resulting trust —Express trust.*

9. Section 6, Act of April 22, 1856, P. L. 532, prescribing limitation for enforcement of resulting or implied trust, does not apply to an express trust nor where the contract creating the trust provides for a longer period for its performances.

Submitted January 5, 1920.   Appeal, No. 351, Jan. T., 1917, by defendant, Samuel Steiner, from decree of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 3807, in equity, establishing a parol trust in real estate in the case of Yetta Kauffman, by her next friend, Nathan Kotick, v. Solomon Kauffman, Zipa Kauffman and

272 KAUFFMAN et al. *v.* KAUFFMAN et al.

Samuel Steiner. Before BROWN, C. J., FRAZER, WAL-
LING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity to establish a parol trust in real estate.
Before SHOEMAKER, J.

The court decreed that the defendants, Solomon
Kauffman and Zipa Kauffman held title to the lands in
question, in trust for the plaintiff and enjoined the de-
fendant, Samuel Steiner, from issuing any execution
against the lands in question upon a judgment obtained
by him against the defendants, Solomon and Zipa Kauff-
man. Samuel Steiner appealed.

*Errors assigned* were dismissing exceptions to the
findings of the court, the decree of the court and rulings
on evidence.

*Harry Felix, Bernard A. Illoway* and *Harry E. Kalod-
ner,* for appellant.—The mere fact that the owner of
lands uses trust funds in the improvement thereof, will
not raise for the beneficiaries of such funds a resulting
trust in the land: McLaughlin v. Fulton, 104 Pa. 161;
Brickell v. Earley, 115 Pa. 473; Kellum v. Smith, 33 Pa.
158; Bennett v. Fulmer, 49 Pa. 155; Nixon's App., 63
Pa. 279; Sample v. Coulson, 9 W. & S. 62; Morey v.
Herrick, 18 Pa. 123.

A subsequent advance of money to the purchaser, after
the purchase is completed is insufficient: Earnest's
App., 106 Pa. 319; Lloyd v. Woods, 176 Pa. 66.

The consideration necessary to raise a resulting trust
as to real estate, must be paid when the title is acquired:
Light v. Zeller, 144 Pa. 570; Bryan v. Douds, 213 Pa.
221; Lancaster Trust Co. v. Long, 220 Pa. 499; Hayes's
App., 123 Pa. 110; Barnet v. Dougherty, 32 Pa. 371;
Cross's App., 97 Pa. 471.

*B. D. Oliensis,* for appellee.—When a person takes
title to property with an understanding that he is to hold

it for the benefit of another, the payment of the money by the latter, in pursuance of such understanding, will create a resulting trust in his favor with the same effect as if the money had been actually paid over at the time of the acquisition of title: Gilchrist v. Brown, 165 Pa. 275; Phillips v. Kleinman, 232 Pa. 571; Beringer v. Lutz, 179 Pa. 1.

The Act of April 22, 1856, Sec. 6, P. L. 533, does not bar a suit to establish a trust where the trustee confesses the trust: Morrish v. Morrish, 262 Pa. 192.

OPINION BY MR. JUSTICE WALLING, February 2, 1920:

This suit in equity is to enforce a parol trust in real estate. The plaintiff, Yetta Kauffman, who resided with her parents in Philadelphia, was injured by a street car in 1910. She being then about eleven years of age, an action for damages was brought against the street car company by her father as next friend. Pending this, the company made offers of compromise, and it became evident that something would be recovered for plaintiff, which her parents decided should be invested in real estate. Meantime there was an opportunity to buy the property known as 645 Porter street for $650, subject to mortgages. Mrs. Rothman, a friend of the family, advanced or loaned Kauffman $600 with which to make this purchase, upon the express agreement that the property was bought for plaintiff and that the $600 would be repaid out of the latter's money when recovered; and, upon a like understanding, her father advanced the remaining $50 of the purchase money and some expenses necessary to complete the purchase. The deed was taken in the name of Zipa Kauffman, plaintiff's mother, but with the express understanding and agreement that the property was plaintiff's and would be conveyed to her upon her marriage. In June, 1912, Kauffman received $1,440.67 for plaintiff from the street car company, out of which he repaid Mrs. Rothman and himself the amounts advanced, as above stated, deposited

$500 of the balance in bank and handed the remaining $222 to his wife for safe keeping. In October, 1912, Kauffman bought another encumbered property, known as 2137 South Seventh street, and paid the consideration therefor with plaintiff's money. This exhausted all of her money except $200 which he used in repairing the property. He took title to the Seventh street property in his own name, but with the same express agreement and understanding as his wife had for the Porter street property. When buying the Seventh street property he temporarily borrowed $300 but repaid it with plaintiff's money which he drew from the bank. The deeds were taken in the names of the parents to facilitate resale should a favorable opportunity occur. Since the purchases Kauffman has occupied one of the properties as a residence and rented the other. The understanding and agreement that the properties above mentioned were plaintiff's, and to be turned over to her, rested in parol and were not manifested by any instrument in writing, but her money paid the entire consideration therefor.

In 1914 Kauffman joined with others in purchasing a property of Samuel Steiner, on 55th street, to be used for exhibiting moving pictures; as part consideration for which a purchase-money mortgage and bond for $7,000 was given, in which Mr. and Mrs. Kauffman joined. Later a general judgment was entered upon the bond which became a lien prima facie upon both the Porter street and the Seventh street properties, and Steiner is joined as a defendant with plaintiff's father and mother; the prayer of the bill being that the latter account for and turn over the properties and that the same be released and discharged from the lien of the former's judgment. As to Steiner the case was heard upon bill, answer, replication and testimony; but neither Kauffman nor his wife filed an answer; however, when called as witnesses they fully confessed the trust as stated in the bill. The chancellor found the facts,

in effect, as above stated; and, from final decree entered thereon granting the relief prayed for, Steiner brought this appeal.

We find nothing to justify disturbing the decree. The facts found are fully warranted by the evidence and the question of equity jurisdiction is not raised. Merely as an express trust of land resting in parol, it could not be enforced against the trustees (Sec. 4 of Act of April 22, 1856, P. L. 533, Purdon's Digest, 13th ed., vol. 4, p. 4838), except that they confess it in open court. A parol trust becomes valid when in the course of litigation it is confessed by the trustee: Hatcher v. Hatcher, 264 Pa. 105, 110; Christy v. Brien, 14 Pa. 248; Houser v. La-mont, 55 Pa. 311, 317; Rockland & Venango Coal, etc., Co. v. McCalmont, 72 Pa. 221, 226. The Statute of Frauds does not prevent a trustee from honestly carrying out his parol agreements, it merely avoids the trust at his option (see note 4 to Dilts v. Stewart, 1 Atl. Rep. 591); and, if he choose not to avoid it, his judgment creditor has no standing to complain: Dougherty v. Mortland, 8 Sadler 384; Sackett v. Spencer, 65 Pa. 89, 99; see also Murphy v. Packer, 152 U. S. 398. Such creditor is not protected by the recording acts and his lien attaches merely to the defendant's interest in the land, and where, as here, the latter is a trustee with no beneficial interest, the land of the cestui que trust is not bound by the judgment. See Sill v. Swackhammer, 103 Pa. 7; Miller v. Baker, 160 Pa. 172; Same v. Same, 166 Pa. 414. "Judgment creditors are not protected against trusts of which they have no notice, or allowed in equity to hold against the cestui que trust": Shryock v. Waggoner, 28 Pa. 430.

The Act of June 4, 1901, P. L. 425, for the protection of judgment creditors, has no bearing upon this case, as plaintiff, being a minor without capacity to contract, is expressly excluded from its provisions.

There is here also a resulting trust from the fact that the land was paid for with plaintiff's money, and in such

case section 4 of the Act of 1856, supra, has no application: Galbraith v. Galbraith, 190 Pa. 225; Perry on Trusts (4th ed.) sec. 137. Where a father and next friend of his minor child invests the money of the latter in real estate the child becomes the equitable owner thereof no matter in whose name the title may be taken. See McLaughlin v. Fulton, 104 Pa. 161; O'Neill v. O'Neill, 227 Pa. 334; also Appeal of Walter and others (Pa.), 8 Atl. Rep. 412; 39 Cyc. 148; and to like effect the opinion of that eminent jurist, the late Judge PEARSON, in Sheetz v. Neagley, 13 Phila. 506.

True, the trust must result at the time of the purchase, but it does so result where there is then a distinct understanding that the property is bought for the beneficiary and to be paid for with his funds, although such payment may be temporarily deferred or made by installments. See Casciola v. Donatelli, 218 Pa. 624; McLaughlin v. Fulton, supra; Olinger v. Shultz, 183 Pa. 469; Gilchrist v. Brown, 165 Pa. 275; 39 Cyc. 129, 130. It is sufficient if the purchase money be furnished by another on behalf of the beneficiary: Ibid. 127, 128.

Appellant also urges that the trust cannot be sustained as to the Porter street property because it was bought over five years before this bill was filed and, not having been acknowledged in writing, is barred by section 6 of said Act of 1856, Purdon's Digest, vol. 4, p. 4848. As that question was not raised in the court below it is not properly before us, and in any event is without merit; that section of the act does not apply to a direct express trust such as the chancellor found this to be: Bruner v. Finley, 187 Pa. 389, 403, 406; nor where, as here, "such contract gives a longer time for its performance."

It is not necessary to consider the case from the standpoint of a trustee ex maleficio.

The assignments of error are overruled and the decree is affirmed at the costs of appellant.