Buchner, Appellant, *v.* Buchner et al.

Argued March 6, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

504

*Paul G. Collins,* and with him *Frank L. Martin,* for appellant.—The declaration of trust created a formal express trust, independent of any pre-existing trust relationship: Ex Parte Pye, 18 Ves. 140; Lee v. Hamilton, 218 Pa. 468; Ranney v. Byers, 219 Pa. 332; Crawford's App., 61 Pa. 52; Helfenstein's Est., 77 Pa. 328; Washington's Estate, 220 Pa. 204.

*J. E. Sickler,* for appellees.—The declaration of trust was null and void, under the provisions of Section 6 of the Act of April 22, 1856, P. L. 532; Silliman v. Haas, 151 Pa. 52; Way v. Hooton, 156 Pa. 8; Lee v. Hamilton, 218 Pa. 468; Strickler v. Scheible, 29 C. C. 308, 13 D. R. 653.

OPINION BY STADTFELD, J., October 3, 1934:

This was a bill in equity filed by Herman C. Buchner, appellant, against Leola R. Buchner, executrix of the last will and testament of Henry E. Buchner, deceased, and Leola R. Buchner, individually, reciting that during the lifetime of the said Henry E. Buchner, certain parcels of land, situate in the City of Scranton, were purchased by him and the plaintiff jointly, in 1900, 1901 and 1910, with moneys owned by them jointly, in a partnership business in which each had a one-half interest, but, for purposes of convenience, legal title to said parcels of real estate was taken in the name of said Henry E. Buchner. In order to protect the interest of Herman C. Buchner in said real estate, the said Henry E. Buchner on June 10, 1921, executed a declaration of trust, copy whereof is attached to the bill of complaint. In said declaration of trust said Henry E. Buchner declares himself trustee of one-half of the real estate therein mentioned, and covenants and agrees to and with his brother, Herman C. Buchner, that he, his heirs and assigns, shall at all time or times thereafter, upon

the request of the said Herman C. Buchner, his executors, administrators and assigns, convey to the said Herman C. Buchner, by good and sufficient deed, one-half undivided interest in the said real estate.

The said declaration of trust was acknowledged June 10, 1921, before a notary public in and for the County of Lackawanna, and recorded in the office for the recording of deeds on February 8, 1932; that Henry E. Buchner died on January 9, 1932, testate, devising his estate to his wife, Leola R. Buchner, defendant, and appointing her executrix of his last will and testament; that plaintiff has requested the said Leola R. Buchner, in her representative capacity and individually, to convey to him the one-half interest in the said parcels of real estate, but that she has refused to do so, and that plaintiff has filed the bill of complaint to compel performance of the declaration of trust.

Preliminary objections to the bill of complaint were filed, setting forth six grounds of objections, as follows: 1. That the declaration of trust does not set up an express trust; 2, That the declaration of trust is void under the provisions of the Act of April 22, 1856, P. L. 352; 3, That the declaration of trust is inadequate because it did not involve a transfer of title of the real estate from the declarant, and it lacked consideration and a seal; 4, That the plaintiff was barred by the Act of 1785, which is the twenty-one year statute limitation giving rise to title by adverse possession; 5, That the plaintiff was barred by the Statute of Limitations; 6, That the plaintiff was barred by laches.

The lower court, in an opinion by LEACH, J., sustained the objections and dismissed the bill. From that order this appeal was taken.

The lower court was of the opinion that the alleged declaration of trust, not having been executed or ac-

knowledged within five years after the right of entry accrued, was void under Section 6 of the Act of April 22, 1856, P. L. 532, commonly known as the Statute of Frauds, and further that plaintiff was barred by his laches.

Said Section 6 reads, in part, as follows: "No right of entry shall accrue or action be maintained for a specific performance of any contract for the sale of any real estate, or for damages for non-compliance with any such contract, or to enforce any equity of redemption after re-entry made for any condition broken, or to enforce any implied or resulting trust as to realty, but within five years after such contract was made or such equity or trust accrued, with the right of entry, unless such contract shall give a longer time for its performance, or there has been in part a substantial performance, or such contract, equity of redemption or trust shall have been acknowledged by writing to subsist by the party to be charged therewith within the said period."

Appellee contends that the declaration of trust in the instant case merely recognizes or sets forth a prior state of facts, from which, under all the authorities, the law would create an implied or resulting trust, and that therefore the Act of 1856 applies and controls. The authorities cited by appellee simply support the proposition that the act makes void any trust of this character and that no action shall be maintained to "enforce any implied or resulting trust as to realty" unless the same be in writing, "signed by the party holding the title" within the period of five years after such trust accrued with the right of entry. Express trusts are not within its scope.

At the time of the execution of the declaration in the instant case, no implied or resulting trust could have been asserted because of the payment of part of the purchase price, by reason of the Act of 1856.

At that time Henry E. Buchner was the sole and absolute owner of the property and as such' was competent to create and declare an express·trust in it for his brother. If a trust is intended, it will be equally efficient whether the donor transfer title to the trustee, or declare that he himself holds the property for the purpose of the trust. He may constitute either himself or another person trustee. If he makes himself trustee, no transfer of the subject matter of the trust is necessary. As stated in Helfenstein's Est., 77 Pa. 328, by Mr. Justice SHARSWOOD: "There is no prescribed form for the declaration of a trust. Whatever evinces the intention of the party that the property, of which he is the legal owner shall beneficially be another's, is sufficient." See also Cohen v. DeCicco, 90 Pa. Superior Ct. 57.

There is nothing in the decisions that makes it impossible or illegal under the Act of April 22, 1856, P. L. 532, sec. 6, for a man to create and declare in writing an express trust in lands in favor of another party more than five years after the latter paid the purchase money for such lands. A mere acknowledgment of the payment of the purchase money by such other party is not sufficient, but there is. no rule of law which prevents a man from dealing honestly with other people or that makes it illegal for him to create an express trust in lands at any time if the facts warrant it. The situation is similar to an oral contract for the sale ·of lands. Such a contract is invalid and unenforceable, but there is no rule of public policy which prevents the seller from carrying into effect, if he chooses to do so, such an oral contract. See Sackett v. Spencer, 65 Pa. 89, 99.

In Kauffman v. Kauffman, 266 Pa. 270, 275, 109 A. 640, the Supreme Court said: "The Statute of Frauds does not prevent a trustee from honestly carrying out his parol agreements, it merely avoids the trust at

his option (see note 4 to Dilts v. Stewart, 1' Atl. Rep. 591); and, if he choose not to avoid it, his judgment creditor has no standing to complain." So in the present case, it is undoubted that the plaintiff could not have compelled his brother either to deed to him any share of the lands or to declare in writing as respects them. The Act of 1856 would have prevented it; but the decedent could, notwithstanding he had the option of retaining full ownership of the property, in good conscience either convey to his brother an interest in the property, or he might declare an express trust in his favor based on the prior consideration of payment of part of the purchase money and subsequently paying in part for the improvements made thereon.

The case of Lee v. Hamilton, 218 Pa. 468, 67 A. 780, must not be extended further than is necessary. The alleged declaration there was merely an acknowledgment that the alleged cestui que trust had paid part of the purchase money, which was also the case in Strickler v. Scheible, 29 C. C. 308, 13 D. R. 653. In neither of the last two cases was the declaration under seal.

The writing in the instant case was more than a mere acknowledgment. It constituted the creation of an express trust based on a prior sufficient consideration. It contained abundant evidence of the declarant's intention to declare himself trustee for the benefit of his brother and that the trust was a subsisting independent trust and not merely a memorandum recognizing the existence of a prior resulting trust. Especially is this apparent in view of the allegation in the bill that "for purposes of convenience the legal title to the said parcels of real estate was taken in the name of Henry E. Buchner."

The Act of 1856, according to its terms, does not apply where "such contract shall give a, longer time

for performance.'' The declaration in the instant case provides "that I, (Henry E. Buchner) my heirs or assigns, shall at any time or times hereafter, upon the request and at the proper costs and charges of the said Herman C. Buchner, his executors, administrators or assigns, convey by a good and sufficient deed the one-half undivided interest in the above recited premises so bargained, sold and conveyed unto me the said Henry E. Buchner as aforesaid . . . . . . in such manner as by him, the said Herman C. Buchner, his executors, administrators or assigns shall reasonably require." In other words, Herman C. Buchner had an indefinite time during his lifetime within which to require complete performance.

In Barry v. Sawyer, 19 Fed. 286 (1882), (Circuit Ct. W. D. Pennsylvania) real estate was purchased jointly by John H. Sawyer, N. P. Sawyer and B. C. Sawyer, the title of which for convenience was vested in John H. Sawyer, who held the title in trust for himself and his brothers. The two brothers filed a bill of complaint for an accounting. The defense was that under the Act of 1856, P. L. 532 the resulting trust as to the realty was invalid because it had not been reduced to writing within five years. The Circuit Court for the Western District properly analyzed the situation in an opinion by McKennan, J., concurred in by Acheson, J., as follows: "It is clear that the Pennsylvania statute operates exclusively upon the class of trusts which is within its terms. Resulting trusts alone are named and, hence, they only are within its scope. They are such as are implied by operation of law as where one buys land in the name of another and pays the purchase money, the legal implication is that the grantee of the title holds it in trust for the person who paid the purchase money. They belong to a distinct class from express trusts, which never rest on implication. That the latter may be created

by parol—as is now well settled—does not change their technical character or classification. *The trust alleged in the bill is an express one and, therefore, the respondents are not entitled to the benefits of the statute limitation."* (Italics supplied.)

It would seem that the fair construction of the declaration of trust was that the declarant intended to transfer a one-half interest in the real estate to his brother, the plaintiff, and that the formal declaration of trust satisfactorily expresses his intent. It also shows the motive impelling the action on the part of the declarant—an opportunity of fair dealing and fair consideration for the rights of his brother.

Laches is not chargeable against a cestui que trust under an express trust in writing until there has been a denial of the trust. The very purpose of a trust is to permit the trustee to deal with it as his own, and until he renounces or denies the trust, the cestui que trust is not guilty of laches because he does not record the trust agreement.

The declaration was recorded within thirty days of the trustee's death. There was no laches in a delay of thirty days.

If law is to be considered the perfection of reason, we must not by the interposing of highly technical objections, except under inescapable statutory enactments, prevent persons from carrying out their honest intentions and obligations.

The assignments of error are sustained. The decree is reversed at the costs of the appellees. The bill is reinstated and it is ordered that the defendants answer on the merits within fifteen days after the return of the record to the court below, under penalty of having the bill taken pro confesso.