Faunce et al. *v.* McCorkle, Appellant.

Argued January 7, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and BARNES, JJ.

*J. Joseph Stratton,* for appellant.

*Nathan Kessler,* with him *William T. Kelsh,* for appellees.

OPINION BY MR. JUSTICE LINN, March 23, 1936:

This appeal is from judgment for plaintiffs on the pleadings in ejectment. Defendant has appealed.

Charles Rotherham, owning land in Philadelphia, on March 23, 1927, executed and delivered a written instrument to appellant designating him "trustee" to sell the land "at or about the price given my trustee by me, and to distribute all the proceeds to myself, otherwise according to my instructions." On March 26, 1927, Rotherham conveyed the property to the appellant by deed delivered to him. On its face the conveyance was absolute. The land has not been sold. On July 23, 1927, Rotherham died, testate, devising his entire estate in equal shares to his sister and brothers without, however, specifically referring to the land conveyed to McCorkle. Plaintiffs claim the land under that will. Appellant answered in defense that Rotherham had orally instructed him, if the property was not sold until after Rotherham's death, to distribute the proceeds among certain named beneficiaries (all relatives), one of whom was the appellant-defendant, and that he held title accordingly and was ready and willing to perform his undertaking.

The answer was held insufficient and judgment was entered on the ground that the Statute of Frauds prevents proof of the oral trust by defendant's statement of its terms. The conclusion cannot be sustained.

The Act of April 22, 1856, P. L. 532, section 4, (33 PS, section 2) provides: ". . . all declarations or creations of trusts or confidences of any lands, tenements or hereditaments, and all grants and assignments thereof, shall be manifested by writing, signed by the party holding the title thereof, or by his last will in writing, or else to be void: Provided, That where any conveyance shall be made of any lands or tenements by which a trust or confidence shall or may arise or result by implication or construction of law, or be transferred or extinguished by act or operation of law, then and in every such case such trust or confidence shall be of the like force and effect as if this act had not been passed."

The plaintiff-appellees rely on the principle that "Where the owner of property gratuitously transfers it

and properly manifests an intention that the transferee should hold the property in trust but the trust fails, the transferee holds the trust estate upon a resulting trust for the transferor or his estate. . . .": *Restatement, Trusts,* section 411, page 1258; *Lilley's Est.,* 272 Pa. 143; *Bacon's Est.,* 202 Pa. 535.

Appellant replies that the rule is not applicable to the record and that, on the other hand, if the trustee accepts the trust and offers evidence which supplies the missing elements necessary to complete the statement of the trust, it may be enforced,\* that though the statute would incapacitate the plaintiffs from obtaining a decree, the fact that the trust depends on oral evidence does not prevent the trustee from confessing the trust. The statute protects the holder of the legal title but he may waive its provisions. "The Statute of Frauds does not prevent a trustee from honestly carrying out his parol agreements, it merely avoids the trust at his option": *Kauffman v. Kauffman,* 266 Pa. 270, 275, 109 A. 640; *Buchner v. Buchner,* 114 Pa. Superior Ct. 503, 174 A. 643; also see, *Dyer's App.,* 107 Pa. 446, 453, where the admissions of the title holder were insufficient to obtain a decree against his objection. Compare *Maffitt's Admr. v. Rynd,* 69 Pa. 380, 386. "Where an oral trust of an interest in land is created inter vivos, the trustee can properly perform the trust if he has not transferred the interest, although he cannot be compelled to do so": *Restatement,* section 43, page 134. That appellant is also a beneficiary under the trust confessed does not militate against the

---

\* In comment P of section 411 of the *Restatement* it is said: ". . . if the transferee is willing to perform the intended trust, a resulting trust will not arise in favor of the transferor. . . . A transfers Blackacre to B. In the instrument of transfer it is stated that the transfer is in trust, but the purposes of the trust are not stated in the instrument. At the time of the transfer A orally directs B to hold Blackacre in trust to convey it to C. If B transfers Blackacre to C, or signs a memorandum stating that he holds Blackacre in trust to convey it to C, A cannot compel B to reconvey Blackacre to him."

enforcement of the terms of the trust as the title holder has declared them. See *Restatement, Trusts,* section 99, page 269.

Judgment reversed and record remitted for further proceedings consistent with this opinion.