## Nodolski et al. v. Nodolski

*Robert W. Honeyman*, for complainants.
*Anthony L. Differ*, for respondent.

KNIGHT, P. J., September 27, 1947.—The parties are all minors appearing through appointed guardians. They are all the children of Alice A. K. Nodolski and John Joseph Nodolski, who are living separate and apart. Plaintiffs are sisters living with their mother, and defendant is their brother living with the father.

The bill avers that in the year 1943 the mother and father of the parties purchased premises no. 22 Rambo Street in the Borough of Bridgeport. The marital relations of the parties were strained at that time, and

it was agreed that the title to the premises was to be taken in the name of their son Walter, but in trust for the benefit of Walter and his four sisters, the herein plaintiffs. Walter and his father occupy the premises no. 22 Rambo Street, above mentioned.

The bill further avers that Walter denies that his sisters have any interest in the said premises, legal or equitable. The prayer of the bill is that defendant be decreed to hold the title to the said real estate as trustee for himself, defendant, and his four sisters. The single preliminary objection to the bill is that plaintiffs have an adequate remedy at law.

Trusts are the darlings of equity, and a bill to declare a trust has always been the weapon to right a wrong that could not possibly be reached by any proceeding at law. This is particularly true of resulting trusts, the kind of trust that the herein plaintiffs seek to set up: Kauffman et al. v. Kauffman et al., 266 Pa. 270 (1920).

Plaintiffs obviously have no adequate remedy at law unless, as contended by counsel for defendant, such a remedy is afforded by the Pennsylvania Rules of Civil Procedure, particularly the rule which became effective January 1, 1947, and which created a new procedure for removing clouds from the title of real estate. The new procedure is known as an "action to quiet title", and rule 1061(b) 2, provides that this action may be brought "where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land". Counsel for defendant contends that this new action gives to plaintiff an exclusive and adequate remedy at law.

It must be noted that the present bill is not filed for the purpose of quieting the legal title but to assert an equitable interest in the land covered by the legal title. This bill does not seek to remove a cloud on the legal

title, but on the contrary seeks to create a cloud on the legal title.

In speaking of the above rule, it is said in Goodrich-Amram, Procedural Rules Service, Actions at Law, Preliminary Survey and Explanatory Analysis, on pp. 174 and 175:

"This (the rule above-quoted) goes beyond the existing statutes and, in fact, comprehends the full coverage of the bill in equity quia timet. . . . The new action to quiet title now gives jurisdiction on the law side of the court to undertake the removal of every type of cloud on title. It creates jurisdiction to adjudicate every kind of dispute which the bill quia timet could adjudicate. It removes the last vestige of equitable jurisdiction in these matters and provides a full and complete remedy at law."

Bills to quiet title or remove a cloud therefrom known as bills quia timet were long recognized as proper subjects of equity jurisdiction. The legislature, however, from time to time passed acts providing a method of removing clouds from the legal title. These acts whittled down the jurisdiction of equity in these matters. It came to the point where there were about 30 acts of assembly, each dealing with a different type of cloud on, or defect of, title. These acts each contained their own procedure to make the relief effective, and these procedures differed in their requirements as to time and method of service and other details.

The purpose of the new rules effective January 1, 1947, was to provide a simple and uniform procedure for making effective the various acts now on the statute books relating to the removal of clouds on legal titles. It was never the purpose of the rules to take from equity its jurisdiction over resulting trusts.

We have looked over the cases in Vale's Pennsylvania Digest under the heading "Quieting Title" in volume 32 and find that the actions brought by a bill quia timet have almost invariably been brought by a plain-

tiff who has legal title to the real estate involved, and/or is in possession of the same, and practically all of them involved the legal title to land or some lien or cloud thereon. We found only one case which was at all similar on its facts, and that was the case of Hutchinson v. Dennis, 217 Pa. 290 (1907). In that case a husband claimed that certain real estate in the wife's name was in fact his by virtue of a resulting trust from the payment of the purchase money. The court held that this was a proper subject of equity jurisdiction but dismissed the bill for multifariousness. It can be readily seen that so far as the real estate was concerned, the bill in that case was not to quiet title but to declare a trust. In the report it is not called a bill quia timet and, so far as the real estate was concerned, was not a bill for that purpose.

We have come to the conclusion that the present bill is not a bill quia timet or in the nature of one. It is a bill to declare a resulting trust and is not within the swathe of Pa. R. C. P. 1061. It follows that the preliminary objections must be dismissed.

And now, September 27, 1947, the preliminary objections are dismissed, and defendant allowed 15 days to answer on the merits.