# CHARLESTON.

Scraggs *v.* Hill *et ux.*

(Brannon, Judge, *concurring.*)

Submitted January 25, 1897—Decided March 24, 1897.

1. Statute of Limitations—*Fraudulent Conveyance—Evidence.*

A creditor cannot set aside a voluntary conveyance, after five years from the making thereof, without proof of actual fraud participated in by the parties to the transaction. (p. 169).

2. Vendors Lien—*Implied Lien.*

A vendor who does not expressly retain a lien for the purchase money in a deed made by him for land has no implied lien therefor on such land, even as against his immediate vendee. (p. 172).

Appeal from Circuit Court, Boone county.

Bill by Samuel Scraggs against A. J. Hill and Nancy Hill, his wife. Decree for plaintiff, and defendants appeal.

*Reversed.*

Jos. M. Brown for appellants.

Stollings & Leftwich and Watts & Ashby, for appellee.

Dent, Judge :

Samuel Scraggs filed his bill in chancery against A. J. Hill and Nancy Hill, his wife, in the Circuit Court of Boone county, at June rules, 1894. The bill is as follows: "The Bill of Complaint of Samuel Scraggs against Andrew J. Hill and Nancy Hill, His Wife, Filed in the Circuit Court of Boone County, West Virginia. To the Hon. R. C. McClaugherty, Judge of Said Court: The above-named plaintiff complains and says: That on the 25th day of December, 1876, he contracted and sold to one J. H. Gray a certain tract of land situate on Camp creek, in said Boone county, containing 400 acres, for the sum of $1,200, and that thereafter the said J. H. Gray contracted and sold to Sylvester Chambers and the defendant A. J. Hill the said tract of 400 acres of land, reserving to him-

self the timber on said land,—300 acres thereof to the said Sylvester Chambers, and 100 acres, the residue thereof, to the said A. J. Hill. That on the 10th day of October, 1880, the said J. H. Gray and the plaintiff, Samuel Scraggs, by an agreement between them, agreed that the balance then remaining due from the said J. H. Gray to the plaintiff on the said 400 acres of land, amounting to the sum of $469.80, should be paid from the proceeds of the sale of the poplar timber reserved by the said J. H. Gray on the 400 acres of land sold to the said Sylvester Chambers and A. J. Hill by the said J. H. Gray as aforesaid, and also the poplar timber on the A. J. Hill tract on Little Coal river, which said poplar timber was contracted and sold by said J. H. Gray to G. J. McNeely; and should the poplar timber on the said 400 acres of land on Camp creek and the poplar timber on the A. J. Hill farm on the river, when taken by the said G. J. McNeely, fail to satisfy the remaining balance due from the said A. J. Hill to the plaintiff, Samuel Scraggs, amounting to the sum of $469.80, then the said Sylvester Chambers was to pay to the plaintiff $25 of the said remaining balance, and the said A. J. Hill was to pay to the plaintiff the remainder of the unsettled part of said sum of $469.80 remaining due upon the said 400 acres of land from the said J. H. Gray to the plaintiff. And this plaintiff, acting under said agreement and understanding, and at the instance of the said J. H. Gray, on the 10th day of October, 1880, conveyed to Sylvester Chambers 300 acres of the 400-acre tract of land on Camp creek. A copy of which deed is herewith filed, marked 'A,' and prayed to be made a part of this bill. That on the 10th day of June, 1881, the said Sylvester Chambers and A. J. Hill, by a contract made and entered into between them and the plaintiff, agreed to stand responsible to the plaintiff for the remaining part due from the said J. H. Gray to the plaintiff on the 400 acres of land sold by the plaintiff to the said J. H. Gray, and by the said J. H. Gray to the said Sylvester Chambers and A. J. Hill, amounting to the sum of $469.80 on the 10th day of June, 1881; to be deducted therefrom, however, the amount to be thereafter realized from the sale of the poplar timber on the said 400 acres of land, and the poplar timber on the A. J. Hill farm on the river, sold by the

said J. H. Gray to G. J. McNeely. And, should the aforesaid poplar timber on the 400-acre tract and the A. J. Hill farm on Camp creek fail to satisfy the said remaining balance against said land, then the said Sylvester Chambers was to pay the plaintiff $25 of the said remaining balance, and the said A. J. Hill the remaining balance which was then against said land, which said agreement is in writing, and is herewith filed, marked 'B,' and prayed to be made a part of this bill.

"That upon the execution of the contract aforesaid, and at the instance of the said J. H. Gray, this plaintiff conveyed to the said A. J. Hill, by deed dated the 10th day of June, 1881, 100 acres of land, the remaining balance of the 400-acre tract of land sold by the plaintiff to the said J. H. Gray as aforesaid; reserving, however, to the said J. H. Gray the timber on said tract of land. A copy of which deed is herewith filed, marked 'C,' and prayed to be made a part of this bill. This plaintiff further represents: That to the June rules of the circuit court of Boone county, 1886, he instituted an action against the said defendant A. J. Hill for breach of covenant, in failing to comply with the terms of the said agreement dated June 10, 1881, and that on 16th day of April, 1894, he obtained a judgment against the said A. J. Hill for the sum of $600, and costs amounting to $67.58. A copy of which judgment is herewith filed, marked ' D,' and prayed to be made a part of this bill. That on the 8th day of May, 1894, an execution was issued upon said judgment against the said A. J. Hill, and delivered to the sheriff of Boone county, which said execution was returned, 'No property found subject to levy,' and accompanied by a schedule of the personal property of the defendant A. J. Hill. A copy of which said execution, with the return thereon, is herewith filed, marked ' E,' and prayed to be made a part of this bill. That on the 8th day of May, 1894, plaintiff caused the said judgment to be docketed on the judgment-lien docket of Boone county. A copy of which is herewith filed, marked ' F,' and prayed to be made a part of this bill. This plaintiff further alleges that the said A. J. Hill, for the purpose of avoiding the payment of his debts and contriving to defraud his creditors and especially this plaintiff, on the 26th day of August, 1882, conveyed or attempted to convey

his wife, Nancy Hill, by deed of that date, all of the lands conveyed to him by this plaintiff by said deed dated the 10th day of June, 1881,—reserving to himself, however, one acre, and the mineral interest to Ward and Allen,—in consideration of three hundred dollars; but this plaintiff charges that no consideration ever passed from the said Nancy Hill to the said A. J. Hill, and for that reason, and because the same was made from husband to wife, and for the purpose of hindering, delaying, and defrauding the creditors of said A. J. Hill, said deed is voluntary, fraudulent, and void as to the plaintiff's claim. A copy of said deed is herewith filed, marked 'G,' and prayed to be made a part of this bill. The plaintiff further charges that his said claim is due and unpaid; that the said A. J. Hill has no personal property or real estate, other than the tract of land hereinbefore mentioned, out of which he can collect his said claim, and that he is entitled to enforce the collection of the same against the said 100-acre tract of land. He comes and therefore prays that the said deed of conveyance from A. J. Hill to Nancy Hill be set aside and held for naught, as voluntary and fraudulent as to the plaintiff's said claim, and that he may have a decree to sell said tract of land; that his said claim may be paid out of the proceeds of sale of said tract of land. And he asks such other, further, and general relief as to equity and good conscience may seem meet, and as may be proper in the premises. And he will ever pray, etc. Samuel Scraggs, by Counsel, Stollings & Leftwich, Sols."

The defendants appeared and demurred thereto, and the demurrer was sustained. The plaintiff amended his bill in court in words as follows: "The Amended Bill of Complaint of Samuel Scraggs against Andrew J. Hill and Nancy Hill, Filed in the Circuit Court of Boone County, West Virginia. To the Hon. R. C. McClaugherty, Judge of Said Court: The above-named plaintiff further complains and says that he has heretofore exhibited in your said court an original bill of complaint against said defendants, which is made a part of this amended bill, and asked to be read in conjunction herewith, in which said original bill he charges that 'the said A. J. Hill, for the purpose of avoiding the payment of his debts, and contriving to defraud his creditors, and especially this plaintiff, on the

26th day of August, 1882, conveyed or attempted to convey to his wife, Nancy Hill, by deed of that date, all of the lands conveyed to him by the plaintiff by deed dated the 10th day of June, 1881,—reserving to himself, however, one acre, and the mineral interest to Ward and Allen,—in consideration of three hundred dollars; but this plaintiff charges that no consideration ever passed from the said Nancy Hill to the said A. J. Hill, and for that reason, and because the same was made from husband to wife, and for the purpose of hindering, delaying, and. defrauding the creditors of the said A. J. Hill, said deed is voluntary, fraudulent, and void as to this plaintiff's claim.'

"This plaintiff further charges that at the time the said deed was made by A. J. Hill to his wife, Nancy Hill (August 26, 1882), the said A. J. Hill was in actual possession of the said tract of land attempted to be conveyed by said deed, occupying the same as a home for himself and wife; that he never delivered possession of the same to his wife under their alleged purchase and sale, but said A. J. Hill remained in actual possession of said land as aforesaid, and has so remained in actual and notorious possession of said land continuously up to this time, and is still in possession of and cultivating the same, and that his possession has not been broken since the delivery thereof to him by this plaintiff, and that his wife, Nancy Hill, has never had possession of said land at any time; that the said defendant A. J. Hill, before and at the time of said gift and conveyance to his wife, was indebted to this plaintiff in the sum of money represented by his judgment against said defendant of the date 16th day of April, 1894, and that said gift and conveyance was made for the especial purpose of hindering, delaying, and defrauding this plaintiff in the collection of his claim against the said A. J. Hill; that the said conveyance from said A. J. Hill to his wife, Nancy Hill, is void because made by a husband to his wife, and for the purpose of defrauding this plaintiff out of the debt justly due him at that time, as hereinbefore stated. The said plaintiff comes and therefore prays that said property may be sold to satisfy his said claim, and further prays as in his original bill he has already prayed, and that said conveyance from A. J. Hill to Nancy Hill, his wife, be declared null and void, and

removed as a cloud upon the title of the said A. J. Hill to said tract of land; that said tract of land be sold as the property of the said A. J. Hill, to satisfy the plaintiff's claim. And said plaintiff asks for such other, further, and general relief as the equity of his cause may require, and the court may see fit to grant. And he will ever pray, etc. Samuel Scraggs, by Counsel."

The defendants demurred to the bill as amended, and filed their joint answer as follows; "The Joint Answer of Andrew J. Hill and Nancy Hill, Defendants, to the Bill and Amended Bill of Complaint of Samuel Scraggs, Plaintiff, Filed in the Circuit Court of Boone County, West Virginia, against These Defendants. To the Honorable R. C. McClaugherty, Judge of the Circuit Court Aforesaid: The above-named defendants, saving and reserving to themselves the benefit of the many errors, discrepancies, deficiencies, *etc.,* in the plaintiff's bill and amended bill, by demurrer or otherwise, for answer thereto, or so much thereof as they are advised it is material for them to answer, answering, say that it is true that the defendant Andrew J. Hill did on the 25th day of August, 1882 (not on the 26th, as charged in the plaintiff's bill), convey to the defendant Nancy Hill, his wife, and on the same day acknowledged the same, and delivered to the defendant Nancy Hill the said deed, together with the possession of the 100 acres of land and premises therein conveyed, which has been used and controlled by the said Nancy at all times since to the present, and which deed was in fact made without any money consideration, but wholly for the love and affection of the said Andrew J. Hill to the defendant Nancy Hill, and with no intent whatever to hinder, delay, or defraud the plaintiff or any one else whatever; and these defendants most positively deny the charge in the plaintiff's bill alleging fraud in any manner in said conveyance, and demand strict proof thereof to sustain any such charges. And these defendants further say that the execution, acknowledgment, and delivery of the said conveyance from the said Andrew J. Hill to the said Nancy Hill was more than eleven years prior to the institution of this suit, as well as the possession and control of the 100-acre tract of land aforesaid, subject to the reservations therein set forth to Ward and Allen, *etc.*

"These defendants further answer and say that the purchase of the land conveyed to the defendant A. J. Hill by the Scraggses, of date 10th June, 1881, was made by the defendant A. J. Hill from James H. Gray in March, 1877, by virtue of the contract of agreement first made between the plaintiff, Scraggs, and James H. Gray, dated 15th September, 1876, and which is the only contract this defendant ever had any knowledge of between said Scraggs and Gray; and these respondents deny any subsequent contract by said Scraggs and Gray in relation to the said land in controversy, and fully paid · for in the exchange of the land known as the 'A. J. Hill Farm on the River' in the plaintiff's bill, and that the said Gray and plaintiff derived the full benefit of their said river farm in a subsequent trade with Sylvester Chambers, the purchase of the 300- . acre residue, and accepted as full and valid consideration for the 100-acre tract sold to defendant A. J. Hill, and by fraud and connivance by and between the said Sylvester Chambers and plaintiff, Scraggs, the said Chambers obtained his conveyance fresh from the plaintiff, Scraggs, and nearly one year thereafter undertook to withhold from the defendant A. J. Hill his legal title and connived together, the plaintiff, Scraggs, and said Sylvester Chambers, and made false representations about subsequent contracts which were, as plaintiff represnts in his bill, in existence; and respondents demand proof of the existence of any such subsequent contract in relation to timber on the 400-acre tract. And these defendants most positively deny that the defendant Andrew J. Hill was either insolvent, or indebted to the plaintiff or any one else, at the time of the execution of the deed of 25th of August, 1882, from the defendant Andrew J. Hill to the defendant Nancy Hill, and, having fully answered, pray hence to be discharged with their costs. Andrew J. Hill, Nancy Hill, by Counsel.   Barrett, Atty."

The defendants further filed an amended answer pleading the statute of limitations. This, however, was unnecessary, as this Court has determined that the statute of limitations can be taken advantage of by · demurrer. *Thompson* v. *Iron Co.*, 41 W. Va. 574, (23 S. E. 795). No depositions were taken in the case, but it was submitted on bill and exhibits, demurrer, answers, and general

replication, and a decree was entered for plaintiff in accordance with his prayer. The defendants appeal, and insist that the decree is erroneous, and not justified by the pleadings.

It is admitted that the conveyance from Andrew J. Hill to his wife made the 25th day of August, 1882, was voluntary, and, if it had been attacked within the five-year limit fixed by the statute, might have been held void as to the plaintiff's debt, if shown to be an existing obligation at the time of the conveyance. The question, therefore, of the legal presumption of fraud on account of the voluntary character of the conveyance and the preexistence of the debt, is by the statute entirely eliminated from the case, leaving the only point for consideration the alleged actual fraudulent intent of the grantor, participated in by the grantee. The burden of establishing such fraud is on the plaintiff, though it may be inferred from the facts and circumstances, if sufficient to justify such inference. *Reynolds' Adm'rs v. Gaarthrop's Heirs,* 37 W. Va. 3, (16 S. E. 364).

The facts and circumstances, as gathered from the pleadings and exhibits, are as follows: On the 25th day of August, 1882, Andrew J. Hill conveyed the land in controversy to his wife, Nancy Hill, for the nominal consideration of three hundred dollars; the real consideration being merely love and affection, and the conveyance purely a gift. It was duly admitted to record on the 26th of August, 1882, from which time the plaintiff had notice thereof. And the parties have since been in possession of such property, as the property of the wife. At and prior to the time of the execution of this conveyance there was in existence between the plaintiff and defendant A. J. Hill and one Sylvester Chambers the following unsettled contract: "Article of agreement made and entered into this the tenth day of June, 1881, between Samuel Scraggs, of the first part, and Sylvester Chambers and A. J. Hill, of the second part, all of the county of Boone and State of West Virginia, witnesseth: That the said second party agrees to stand responsible to the party of the first part for the remaining part which is against the land for non-payment, which now under a certain contract between J. H. Gray and McNeely, on the Scraggs land, on Camp

creek, all the poplar timber, also the poplar timber on A. J. Hill farm on the river, it ——— now agreed that the ——— on both places is to satisfy the remaining payments now against it, is in contract for the ———, and if it should fail to satisfy ———, the said Chambers is to pay twenty-five dollars, and A. J. Hill the remainder of the unsettled part, which is now against the land up to this date, June 10th, 1881. Witness our hands and seals. Sylvester Chambers. [Seal.] A. J. Hill. [Seal.] A. J. Dolin."

On this contract plaintiff brought an action of covenant in June, 1886, almost four years after the alleged fraudulent transaction and his constructive notice thereof, and after a legal controversy extending until the 16th day of April, 1894, obtained a judgment thereon for six hundred dollars. Now, from these facts alone, which are hardly sufficient to justify the setting aside of a voluntary conveyance in a suit brought in time, after the lapse of eleven years the court is asked to infer fraud. The only evidence of any existing debt whatever is the uncertain writing above set forth. The writing, on its face, shows only a problematical and conditional future indebtedness, contingent on the failure of another source of liquidation.

The fact that a judgment was obtained on such writing almost thirteen years thereafter for six hundred dollars can not be taken as proof of the existence of an indebtedness eleven years before, as against a grantee in no wise connected with or bound by the suit. For such judgment might be obtained by connivance, by failure to defend, by loss or suppression of testimony, or by other adventitious circumstances arising during the intervening period from the inception of the alleged indebtedness to the date of the judgment. And it has been well settled that a grantee in a deed can not be affected by the admission or conduct of the grantor after the conveyance. See, also, *Trapnell* v. *Conklyn*, 37 W. Va. 242, (16 S. E. 570). Other than the judgment, what sufficient proof is there that the grantor was indebted to any extent, or to any person, at the time of the conveyance? Without such proof, even a voluntary conveyance would not be set aside within five years after the making thereof, in the face of the denial of the existence of any indebtedness. *McCue* v. *McCue*,

41 W. Va. 151, (23 S. E. 689). But, in addition to this, there is no allegation or proof that the grantor was insolvent or embarrassed at the time of the conveyance. The insolvency, to affect the *bona fides* of the conveyance, must be coexistent therewith, and not eleven years afterwards, —a period sufficiently long to permit the dissipation of a considerable fortune. A husband not indebted at the time has the right to make a gift of property to his wife. *Rose* v. *Brown*, 11 W. Va. 122; *Humphrey* v. *Spencer*, 36 W. Va. 11, (14 S. E. 410). Nor is there any pretense that the grantee participated in the alleged fraud, but this is a clear case in which the creditor, having lost his right to attack a voluntary conveyance, attempts to excuse his negligence by asserting actual fraud, and thus escape the bar of the statute; his position apparently being that because he was lulled into the belief that the conveyance was fraudulent by reason of three hundred dollars nominal consideration mentioned therein, he should be relieved from the effect of his laches. Whether the conveyance was fraudulent in fact or law, or both, he was given the right to bring his suit forthwith; and the mere fact that he believed the conveyance fraudulent does not excuse him from the bar of the statute, but should require of him much stronger proof of actual fraud than otherwise. Is it not probable that the true reason for his delay is to be found in a lack of faith on his part in the integrity of his demand, and that he waited until it could be reduced to a legal form before attacking the conveyance, and thus escape the necessity of establishing it to the satisfaction of a court of equity, as against an innocent third part? This case is fully covered by *McCue* v. *McCue* above cited. And, as said in that case, it would be the better to have the statute extended to all cases of fraud, rather than to have it frittered away by a too narrow and nugatory construction. At least, creditors seeking to avoid the bar of the statute by pleading actual fraud should be required to render some good reason for not having instituted suit within five years after the right to bring the same accrued. The most that this Court can do, however, is to require satisfactory proof of fraudulent intent, participated in by the parties thereto, and not grant a decree in cases of grave doubt on mere suspicious inference.

The plaintiff further insists that, the debt being for the purchase money unpaid, he has an implied lien, as against his immediate grantor or his voluntary vendee. He refers to some very venerable authority in support of this pretension. Such was the former doctrine as to all sales, but it has been entirely abrogated by section 1, chapter 75, of the Code, where a conveyance of land is made by deed without reservation of lien. *Poe* v. *Parton*, 26 W. Va. 610. The pleadings and proofs in this case did not justify the decree of the circuit court. It will therefore be reversed and the bill dismissed.

Brannon, Judge: (*concurring*).

It seems to me that the demand of plaintiff constitutes him a creditor, under the chapter on "Fraudulent Conveyances." Section 9 chapter 74, Code 1891, says any one is a creditor under that chapter who, but for the instrument, could subject the land to a debt. A contingent liability is enough. *Hutchison* v. *Kelly*, 1 Rob. (Va.) 136; *Wolf* v. *McGugin*, 37 W. Va. 564 (16 S. E. 797); Bump, Fraud. Conv. 503. Demand on tort is enough. *Greer* v. *Wright*, 6 Grat. 154. The judgment was conclusive on Mrs. Hill as to existence, validity, and amount of debt. *Bensimer* v. *Fell*, 35 W. Va. 15 (12 S. E. 1078), point 5. But I do not think the charge of fraud is established in full.

*Reversed.*