# CHARLESTON.

HAWKINS *v*. BLAKE *et als.*

Submitted June 3, 1910.   Decided April 18, 1911.

1. LIMITATION OF ACTIONS—*Action to Set Aside Conveyance.*
    The limitation in section 14 of chapter 104 of the Code of 1906, upon suits to avoid voluntary conveyances, is applicable to such a conveyance made with fraudulent design on the part of the grantor, if such design is not known to, nor participated in, by the grantee. (p. 192).

2. SAME—*Action to Set Aside Conveyance—Accrual.*
    Said statute runs from the date of the conveyance, unless the plaintiff is in a position to claim the benefit of some exception from its operation or suspension thereof. (p. 192).

3. SAME—*Distraint—Bar of Statute.*
    If a debtor procure a conveyance to be made to himself and his infant children jointly, the latter being volunteers and free from the imputation or charge of fraud by reason of the tenderness of their age, and then execute to the creditor a deed of trust on the land, such deed of trust is not the equivalent of a distraint or levy on the subject of the conveyance or any part thereof and does not affect the interests of the children. (p. 193).

Appeal from Circuit Court, Raleigh County.

Bill by E. B. Hawkins against Mary Blake and others. Decree for plaintiff, and defendants appeal.

*Modified and Affirmed.*

69 W. Va.

*File & File,* for appellants.

*Dillon & Nuckolls,* for appellee.

POFFENBARGER, JUDGE:

The decree from which this appeal was taken grows out of transactions following the conveyance from Blake to Hawkins, involved in the chancery cause of *Blake* v. *O'Neal,* finally decided by this Court, and reported in 63 W. Va. 483. By that decision, the grantee of Hawkins lost title to the land conveyed to him by Blake. Thereupon he instituted this suit against Blake and his infant children by a second wife to set aside a conveyance made to them and Blake by Wm. E. Godbey and wife at the instance of Blake and in consideration of purchase money paid by him, part of the money he received from Hawkins, as voluntary and made with intent to hinder, delay and defraud Blake's creditors and especially the plaintiff as one of them. From the decree, granting the prayer of the bill, the children and their mother have appealed.

Blake and wife conveyed a tract of land in Fayette county to Hawkins by deed dated February 12, 1902, for and in consideration of $1,700.00. On the 5th day of May, 1902, the conveyance involved here, covering surface land in Raleigh county, was made, in consideration, it is alleged of $200.00 of the money received from Hawkins for the Fayette county land. C. T. Blake and others commenced their suit against Sue O'Neal and others, claiming the land conveyed to Hawkins, and in which they made that claim good, on the 23rd day of November, 1903. That litigation ended in 1908. This suit was brought in May, 1909, more than seven years after the date of the conveyance it seeks to set aside. At the date of this conveyance, these children of Blake, to whom he caused three-fourths of the Raleigh land to be conveyed, were of tender age, being 11, 9 and 7 years old, respectively. As more than five years had intervened between the date of the deed and the institution of the suit attacking it, they rely upon the statute of limitations, section 14 of chapter 104 of the Code, in so far as lack of consideration is relied upon, and deny the allegations of fraud.

That statute says "No gift, conveyance, assignment, transfer or charge, which is not on consideration deemed valuable in law,

shall be avoided, either in whole or in part, for that cause only, unless within five years after it is made, suit be brought for that purpose, or the subject thereof, or some part of it, be distrained or levied upon by or at the suit of a creditor, as to whom such gift, conveyance, assignment, transfer or charge is declared to be void by the second section of the seventy-fourth chapter of this Code." That it precludes relief on the ground of want of consideration, if applicable under the peculiar circumstances shown here, is not denied, but its applicability is. This position is founded, in part, upon the assumption of accrual of the cause of action on the final adjudication against Hawkins in *Blake* v. *O'Neal.* As the statute in express terms fixes the date of the conveyance as the date from which it runs, we are unable to give this view our sanction or approval. It says no such conveyance as is mentioned in that section shall be avoided "unless within five years after it is made."

A further objection to the applicability of this statute is founded upon its terms, saying no conveyance which is not on consideration deemed valuable in law shall be avoided for that purpose only, unless suit be brought for the purpose within five years after it is made, fraud on the part of the grantor being another or additional element charged in the bill as a ground of relief. Fraud on the part of both grantor and grantee clearly and admittedly takes a case out of this statute, but ordinarily the fraud of the grantor must have been participated in by the grantee, to enable a court to set a conveyance aside. It is rather conceded here that, owing to the tender age of the grantees, they cannot be deemed to have participated in any fraud on the part of the father; but it is plausibly argued that the fraud of the father is an element or factor in the case which makes the suit one to set aside the conveyance not only because made without consideration, but also because it was made to defraud creditors. Though plausible, this theory has been rejected by this Court, after careful consideration, and the limitation held to be applicable to all voluntary conveyances, unless fraudulent on the part of both grantees and grantors. *Laidley* v. *Reynolds,* 58 W. Va. 418; *Scraggs* v. *Hill,* 43 W. Va. 162; *McCue* v. *McCue,* 41 W. Va. 151; *Mfg. Co.* v. *Carr,* 65 W. Va. 673. We have again re-examined the statute and see no reason for changing our conclusion. The question has been

fully discussed from every point of view in the opinion in *Laidley* v. *Reynolds* and nothing of value could be added here.

Regarding the deed of trust by which Blake, the father of the infant defendants, conveyed his interest to a trustee, to indemnify the plaintiff against loss from failure of title to the Fayette county lands, as being in effect a distraint of the Raleigh county land, or the equivalent thereof, the benefit of an execption in the statute is claimed. This exception says the limitation shall not apply if, within the period of five years from the date of the gift or conveyance, the subject thereof, or some part of it be distrained or levied upon by or at the suit of a creditor, as to whom the gift, conveyance, assignment, transfer or charge is declared to be void. The deed of trust reaches only the interest of Lewis Blake, the father of the infant defendants. If it could be regarded as the equivalent of a distraint or levy, it does not affect the interests of the latter. It is neither a distraint nor a levy upon any part of the land as to them or their interest therein. However, we do not regard it as the equivalent of either a distraint or a levy. Hence, we think the case is not within this exception.

These conclusions render it wholly unnecessary to enter upon any inquiry as to whether the conveyance made to the children, at the instance of their father, was a gift superinduced by a fraudulent purpose on his part. If such purpose existed, but was not participated in by the donees, it cannot avail the plaintiff now. We are also of the opinion that the tender age of these infant defendants relieves them of any imputation or charge of participation in such fraudulent purpose, if it existed.

The decree ascertained and declared a lien by reason of the deed of trust on an undivided one-fourth of the land in favor of the plaintiff and ordered a sale thereof. It also ascertained and ordered paid the amount of money expended by the plaintiff in the defense of said cause of *Blake* v. *O'Neal*, secured by the deed of trust, in addition to the purchase money of the Fayette county land. Uncertainty in the deed of trust as to the amount of the lien debt and the interest in the land conveyed by that instrument probably justified resort to a court of equity to have them settled and determined before sale. Whether

this be true or not, these matters were properly involved in the cause, and, as to them, there is no error.

For these reasons, the decree will be reversed and annulled in so far, and only so far, as the same holds the undivided three-fourths of the 59.5 acre tract of land, belonging to the infant defendants' Dennis, Kenneth and Augusta V. Blake, in the bill and proceedings mentioned and described, liable to be sold for the indebtedness of Lewis Blake and Mary Blake, or either of them, to the plaintiff, and subjects the same to such indebtedness in any manner, or any of the costs of this suit, and orders sale thereof, and impairs or affects the title of the said Dennis, Kenneth and Augusta V. Blake to said interest in said tract of land, and, as to the said Dennis, Kenneth and Augusta V. Blake and their said interest in said land, the bill and amended bill will be dismissed; but, in all other respects, the decree will be affirmed and the cause remanded. Costs in this Court and the court below will be decreed to the said infant defendants.

*Modified and Affirmed.*