DOROTHY C. BRANDAU ET AL.

*vs.*

HENRY C. McCURLEY, TRUSTEE, ET AL.

*Married women: property rights; Code of 1860, Article 45;*
*Chapter 457 of Acts of 1898; deeds to husband.*
*Statute of uses.*

The Act of 1898, Ch. 457, has no application to the deed of a
married woman, disposing of her property, executed prior to
January 1st, 1899, but such deed must be governed by the pre-
existing law.                                              p. 246

Before January 1st, 1899, a married woman could not con-
vey to her husband, by her deed alone, property held by her
under the provisions of section 1 of Article 46 of the Code of
1860.                                                 pp. 246-247

An owner of property may, in his individual capacity, make a
valid conveyance thereof to himself as trustee.            p. 248

A married woman, with the joinder of her husband in the
deed, has power to convey to him as trustee her statutory sepa-
rate estate under the provisions of Article 45 of the Code of
160.                                                        p. 249

Without necessity or some good and sufficient reason, equity
should not require circuitous methods when direct means can be
adopted.                                                    p. 249

Where property is conveyed in trust for a person expressly
for life, with power to such person to dispose of the reversion,
the Statute of Uses cannot enlarge such life estate into a fee.
If, however, the trust is for a person generally, with power of
disposition in such person, and the trust be a passive one, the
statute will act upon the whole fee simple estate.         p. 250

Where a deed of trust conveys an estate in trust for a married woman for life, with power of disposition, failing the exercise of which the property was to vest absolutely in her husband, his heirs and assigns, the Statute of Uses does not enlarge the life estate, nor deprive the remainderman of his contingent estate.     p. 251

*Decided November 13th, 1914.*

Appeal from Circuit Court No. 2 of Baltimore City. (AMBLER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Geo. Moore Brady* and *Edward L. Ward* (with whom were *Israel B. Brodie* and *T. Howard Embert* on the brief), for the appellants.

*Wm. H. Maltbie* and *C. John Beeuwkes* (with whom were *Eli Frank* and *German H. H. Emory* on the brief), for the appellees.

BOYD, C. J., delivered the opinion of the Court.

On the 14th of September, 1898, Sophia McCurley and her husband, Henry C. McCurley, executed a deed to said Henry C. McCurley, Trustee, by which they undertook to convey certain lots of ground situated in Baltimore City on the following trusts:

"In Trust and confidence nevertheless to, for and upon the uses and purposes and subject to the powers hereinafter expressed concerning the same, that is to

say, in trust to suffer and permit the said Sophia
McCurley, wife of the said Henry C. McCurley, for
and during the term of her natural life, to hold and
enjoy the above mentioned property and premises and
to collect and receive the rents, issues and income
thereof, and the same to apply to her sole and separate
use without being subject to the power, disposal or con-
trol of her present husband and without being bound
for his debts, contracts or agreements, with power to
the said Sophia McCurley as if she were a *feme sole*
without the consent of her said trustee or successor to
sell, dispose of, and assign absolutely or otherwise the
ground and premises above described or to bequeath
the same to such person or persons as she may think
proper by Last Will and Testament or writing in the
nature thereof, and from and immediately after the
death of the said Sophia McCurley, in case no sale
or other disposition thereof shall have been made by
her under the powers hereinbefore expressed, and in
so far as no such disposition thereof shall have been
made by her, then this trust to cease and the lots of
ground and premises hereinbefore described to become
the absolute property of the said Henry C. McCurley,
his heirs, personal representatives and assigns abso-
lutely."

Sophia McCurley died without making any disposition of
the two lots of ground involved in this case which were held
by her in fee simple. The appellants filed a bill in equity
which, as amended, is against Henry C. McCurley, trustee,
and Henry C. McCurley, individually, and against Sophia
S. Hightman, a first cousin of Sophia McCurley, and the
unknown heirs of other relatives named in the amended bill.

The bill alleges that the property descended to the plain-
tiffs as the next of kin and heirs at law of Sophia McCurley,
subject to the dowable interest therein of her husband, Henry
C. McCurley, of one-third for life as to said fee-simple prop-
erty.

It further alleges that the deed of trust imposed no duties upon Henry C. McCurley, trustee, and the statute of uses at once executed the trust, and therefore Sophia McCurley took an absolute fee simple estate; that the legal estate and beneficial interest were both vested in her and said property became immediately vested in her upon the execution of the deed; that the trust was a passive trust; there being no active duties for the trustee to perform and therefore the deed is void, as the statute of uses immediately executed the legal estate in her and she took an absolute fee-simple title, and that it cannot be considered a testamentary disposition of property.

The bill prayed (a) That the deed be construed, and (b) That the plaintiffs be declared the next of kin and heirs at law of Sophia McCurley, and as such entitled to the fee simple properties described, subject to the dowable interest of Henry C. McCurley.

The question first to be considered is whether the deed was void because it was executed by the husband and wife to the husband in trust.

As it was executed before the Act of 1898, Ch. 457, took effect (January 1, 1899) it must be construed with reference to the law as it existed prior to that time.

Mrs. McCurley acquired the properties in controversy after the Code of 1860 was adopted. Article 45, section 2, of that Code, provided that property acquired or owned by a married woman according to section 1, "she shall hold for her separate use, with power of devising the same as fully as if she were a *feme sole,* or she may convey the same by a joint deed with her husband." Mrs. McCurley did acquire these properties according to the provisions of section 1. Then section 11 provided that "Any married woman may convey her real or personal property if her husband join in the conveyance, etc."

It was determined by this Court that a married woman could not convey property so acquired to her husband by a deed made to him by her alone. In *Gebb* v. *Rose,* 40 Md.

387, it was said, "The property was not conveyed to the separate use of the grantee, but was conveyed to her generally, and consequently the marital rights of her husband attached. Holding the estate by this title, Mrs. Wollet, while under the disability of coverture, on the 18th of October, 1871, attempted to convey the property directly to her husband, in trust; *without his joinder in the grant.* This, it is clear, she was incompetent to do, by any conveyance executed by her alone."

In that opinion JUDGE ALVEY made a statement upon which the appellants rely as conclusive of the question. He said: "The only mode by which a *feme covert* can convey her estate, not held to her separate use, to her husband, except in the execution of a power, is by means of a conveyance to a third person for his use, he joining with his wife in the deed. That this may be done has been expressly decided in *Thatcher v. Omans,* 3 Pickering, 521."

If it was intended to apply that statement to a deed in which the property was conveyed to the husband as trustee, then what was said in the opinion just prior to that statement was useless. The inference to be drawn from what is said in the quotation first above made is that if the husband had united in the grant the deed would have been sufficient, for after saying that the method prescribed for the conveyance of the property of a *feme covert* by Article 45, section 11, is by joint deed of herself and husband, JUDGE ALVEY went on to say: "And as the statutory mode of conveyance was not observed, the deed is void, and, therefore, without any effect whatever." That was a deed to the husband in trust, and it was distinctly said it was void because the husband did not join in the grant. That was the real question before the Court.

The statement was not altogether accurate where it said, "The only mode by which a *feme covert* can convey her estate, not held to her separate use, to her husband, except in the execution of a power, is by means of a conveyance to a third

person for his use, he joining with his wife in the deed."
That is the mode which was adopted in *Thatcher* v. *Omans,*
3 Pick. 521, referred to by JUDGE ALVEY, but as that case
and some of our decisions have decided, they can convey to a
third person for the express purpose of having the third per-
son convey to the husband and wife or to the husband alone,
on terms agreed upon.

If the object of a deed from a husband and wife be sim-
ply to convey her property absolutely to her husband, in his
individual capacity, then it might be objected to on the ground
that the husband was both grantor and grantee, but an owner
of property can in his individual capacity make a valid
conveyance, in this State, to himself as trustee, as shown by
*Carson* v. *Phelps,* 40 Md. 73, and other cases. It cannot be
objected to on the theory that the husband might take advant-
age of the wife, for as we have seen they can convey to a
third person with the understanding that the third person
shall convey the property to the husband, or they can convey
to a third person for the use of the husband. When the con-
veyance is to the husband as trustee he takes in a different
capacity from that in which he conveys. Two persons, each
of whom is *sui juris* can convey to themselves as trustees,
and as the statute authorized a wife to convey her property
if her husband joined in the conveyance, it is difficult to
understand why they cannot convey to the husband as trustee.
There would seem to be as much reason for permitting a con-
veyance to a husband, in trust, who joins in a deed as
grantor, to enable the wife to convey her property, as there
is to permit two other persons who own the property to con-
vey it to themselves in trust.

Section 3 of Article 45 of Code of 1860 (still continued in
the Code of 1912) provided that it should not be necessary
for a married woman to have a trustee to secure to her the
sole and separate use of her property. It did not stop there,
however, but added, "but if she desires it she may make a
trustee by deed, or, she may apply to a Court of Equity

and have a trustee appointed, in which appointment the uses and trusts for which the trustee holds the property shall be declared." There is no suggestion that her husband cannot be made such trustee, and in many cases it was very desirable that he should be. Indeed, where it was necessary for a married woman to have a trustee in order to invest her with sole and independent power, it was said in *Ware* v. *Richardson*, 3 Md. 550: "It is now settled that where bequests or conveyances are made to married women for their separate use, without the nomination of trustees, the husbands in equity will be considered as trustees for their wives, and will be required to comply with the intention of the donor." So although when she received these properties it was unnecessary for her to have a trustee she still could have one, and as she held these properties as her statutory estate, in order to be able to deal with them as a *feme sole* it was necessary for her and her husband to so provide, and no more effective way could be adopted than by making a deed of trust, and we might add that no more appropriate person could be selected as trustee than the husband, if he was what a husband should be. Unless, there is some necessity or good and valid reason for it, equity should not require circuitous routes to be adopted when there is a straight course to the desired goal. Therefore, when it has been decided that a person *sui juris* can make a valid conveyance to himself as trustee, why should not a wife and her husband be permitted to convey to him as trustee, instead of doing, what it is conceded they could do, convey to a third person and the third person convey to him?

We are therefore of the opinion that Sophia McCurley could by deed in which Henry C. McCurley as her husband united, convey the property to Henry C. McCurley, as trustee. The terms of the trust were such as very materially enlarged her powers, for in addition to the other rights reserved by her it was conveyed "with power to the said Sophia McCurley as if she were a *feme sole* without the con-

sent of her said trustee or successor to sell, dispose of and assign absolutely or otherwise the ground and premises above described, or to bequeath the same to such person or persons as she may think proper by last will and testament or writing in the nature thereof."

Having determined that the deed in question was not invalid because made to the husband as trustee, the next question is whether the statute of uses executed the use or trust declared by the deed. If a third person had conveyed this property to a trustee upon the uses and purposes, and subject to the powers contained in this deed, it would be going very far to say that by the statute of uses the property was vested in Mrs. McCurley free from the trust. It would be manifested that it was not intended to give her more than a life estate with the power of disposition, devising, etc. There are numerous cases in this State following the decision of *Benesch* v. *Clark,* 49 Md. 497, where it was said: "Where an estate is given to a person generally or indefinitely with power of disposition, such gift carries the entire estate; and the devisee or legatee takes, not a simple power, but the property absolutely. But where the property is given, as in this case, to a person expressly for life, and there be annexed to such a gift a power of disposition of the reversion, there the rule is different, and the first taker, in such case, has but an estate for life with the power annexed." See *Welch* v. *Gist,* 101 Md. 606; *Roberts* v. *Roberts,* 102 Md. 131, and *Marden* v. *Leimbach,* 115 Md. 206, which are among the later cases. It would clearly have been in the teeth of the intention of the grantor or devisor to have so construed the terms of such an instrument as to vest a fee simple estate in Mrs. McCurley, and contrary to a long line of decisions in this State. At most the statute of uses, if conceded to be applicable, could only have vested in her a legal life estate. Can there be any different result because of the fact that she and her husband made the deed? Unquestionably not. Where then is the remainder? The deed answers that, as it expressly provides

that it shall go to Henry C. McCurley, if not disposed of under the power.

It must be remembered that the deed did not provide for a life estate in Mrs. McCurley, with remainder to her heirs, but the remainder was to go to the husband.   The statute of uses could not thus enlarge the estate given her and it does not deprive the remainderman of the estate given him in the event, which happened, that Mrs. McCurley did not dispose of it.

If it was necessary to discuss the application of the statute of uses it might be interesting to consider what sort of an estate Mrs. McCurley had at her death, if the statute of uses applied—whether it was the ordinary statutory estate of a married woman under the Code of 1860, or whether she could dispose of the property as a *feme sole*.   It would be remarkable if a Court of Equity were compelled to hold that the deed by reason of the statute of uses vested in her a sole and separate estate which she could deal with as a *feme sole,* but did not give the husband anything, although the wife did not dispose of it in her lifetime.   On the other hand, if she would then take simply an ordinary statutory estate the statute of uses would according to the appellant's contention, put the property back where it was before the deed was made, notwithstanding we are of the opinion that the deed was validly executed.   But without deeming it necessary to decide whether such a deed of trust as this could be executed by the statute of uses under such circumstances as are before us, we will for the reasons given affirm the decree which dismissed the bill of complaint.

> *Decree affirmed, the appellants to pay the costs above and below.*