# CHARLESTON.

STEARNS COAL & LUMBER COMPANY v. H. C. JONES et al.

(No. 5414.)

Submitted March 31, 1926.   Decided April 13, 1926.

TRUSTS—*Where Husband, While Solvent, Conveyed Land Bought With Wife's Money to Third Person, Who Reconveyed it to Him As Wife's Executor, Such Reconveyance Amounted to Declaration of Trust, and if Done Without Actual Fraud Precluded Him and His Subsequent Creditors From Subjecting it to Payment of His Subsequent Debts.*

Where a husband has purchased land with money of his wife, and has it conveyed to himself, and pays the taxes, and makes conveyances of parts thereof, as if owned by him personally, and on the death of his wife is appointed executor of her will, and thereafter continues for a time to deal with the property as his own, and has made no settlement of his executorial accounts, but thereafter, while solvent and not indebted, he conveys the same to a third person and procures the latter to convey the same to him as executor of his deceased wife's estate, such conveyance amounts to a declaration of trust by him in favor of said estate and of the beneficiaries thereof, and if done without actual fraud, becomes binding on him and precludes him and his subsequent creditors from subjecting said land to the payment of his subsequent debts.

(Trusts, 39 Cyc. pp. 73 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mercer County.

Suit by the Stearns Coal & Lumber Company against H. C. Jones and others to subject certain real estate to the satisfaction of a judgment. From decree for the plaintiff, defendants appeal.

*Reversed; bill dismissed.*

W. L. Taylor, and French, Easley & Easley, for appellants.
Russell S. Ritz, for appellee.

MILLER, JUDGE:

On September 22, 1923, the plaintiff, recovered, in the circuit court of Kanawha County, a personal judgment against the defendant H. C. Jones, and by this suit seeks to subject certain real estate in Mercer County alleged to be owned by him, to the satisfaction of such judgment.

In the year 1903, Hannah C. Jones, wife of the defendant H. C. Jones, died, and defendant qualified as executor of her will. And it appears that he has not made a final settlement of his executorial accounts. On October 30, 1912, the defendant Jones deeded to Robert E. Moore fourteen lots or parcels of land in Mercer County, and procured the said Moore, on the same day, to convey to him in his fiduciary capacity as ''H. C. Jones, Executor of the Estate of Hannah C. Jones, deceased,'' the same property. These deeds were admitted to record on the day they are dated.

The bill alleges that the two deeds of October 30, 1912, were made with the view of concealing the identity of ownership of the property conveyed, and with fraudulent intent to hinder and delay the creditors of H. C. Jones in the collection of their debts, liens and claims against him; and that Jones was at the time of the rendition of plaintiff's judgment the real and actual owner of the property in question. The lower court, pursuant to plaintiff's prayer, set aside the deeds attacked as to certain of the property conveyed, and decreed a sale of the same to satisfy plaintiff's judgment.

The bill does not allege that Jones is insolvent, nor that he has not other property sufficient to satisfy the judgment, only that executions issued on the judgment were returned in Kanawha and Mercer counties, ''No property found.'' It is not alleged, and there is no evidence, that defendant was indebted to any one at the time he made the deed to Moore, or at any time thereafter, until he became liable as endorser on the note upon which plaintiff obtained the judgment sought to be enforced, which was ten years after the conveyances attacked. The only evidence introduced to sustain plaintiff's case is the fact that the property in question was not transferred on the land books from the name of H. C. Jones to him in his capacity as executor of the estate of Hannah C. Jones,

and that Jones continued to pay the taxes in his own name and to deal with and handle the property as his own.

Jones' depositions show that during the lifetime of Hannah C. Jones, she inherited from her father and uncle real property in North Carolina, which she afterwards sold; that she turned over to him the proceeds of these sales to invest for her; that large profits were made from some of the investments in real estate; that a number of the parcels so purchased were held by him in his own name, for his wife; and that the deeds of October 30, 1912, were made to reimburse the estate for the money he had received from sales of the real property originally bought with his wife's money. Defendant is corroborated as to the fact that Mrs. Jones inherited from her father and uncle lands in North Carolina, by his son A. S. Jones, who also testified that to his knowledge his father had invested and reinvested his mother's money in property in Mercer County.

Even if the conveyance of October 30, 1912, were voluntary and without consideration, and a gift or advancement from Jones to his children, a subsequent creditor, after five years, can not have such conveyance set aside without proof of actual fraud or fraudulent intent. *McCue* v. *McCue*, 41 W. Va. 151; *Scraggs* v. *Hill et ux.*, 43 W. Va. 162. But it is contended that Jones is guilty of actual fraud. Can the mere facts that he failed to have the property transferred on the land books, but continued to pay the taxes in his own name and to deal with it as he had done from the time he made the first investment for his wife, be construed to amount to actual fraud, when it is not made to appear that he contracted a single debt for ten years after the making of the deeds sought to have set aside? We do not think so. And there is no other evidence offered to sustain the charge of fraud. Jones fully explains the manner in which he handled his wife's property, before and after her death, and says that he paid the taxes with money belonging to the estate. It is true he says he did not keep a strict book account of the money received and paid out, but that he could make up a complete statement by going back over his accounts. In view of the facts appearing in the record, we find no evidence of actual fraud.

And whether defendant substituted the property conveyed by the deeds in question for funds in his hand belonging to the estate, or considered the same as a gift or advancement to his children, these conveyances amounted in effect to a declaration of trust by him in favor of the heirs of the deceased wife, who were his own sons and daughter. "It is not necessary that there should be any transfer of property accompanying a declaration of trust, whether the fund be in the possession of the donor or of another; the property may still remain as it was, and the donor may constitute himself or the possessor trustee of the fund; and in such case it is not necessary that the donor should expressly declare himself to be trustee; if he do any acts in relation to the property to which he is legally entitled, though without reference to the creation of a trust, from which it clearly appears that the property, though legally vested in him, had ceased to be his and become the property of another, those acts may amount to a sufficient declaration that the donor holds the property in trust so as to be binding upon him." 2 Spence's Eq. Jur. 53; quoted and followed in *Tabb's Curator* v. *Cabell,* 17 Gratt. 160, where it was held that a life tenant substituting her own property of greater value for property which she held for life with remainder to her children, was concluded by her declaration that she had done so, whether with or without the consent of the remaindermen; and that the substitution amounted to a declaration of trust, enforceable in equity by the children. See, also, *Marling* v. *Marling,* 9 W. Va. 79. "If an executor or administrator receives property in his representative capacity, he is estopped afterwards to deny that it is the property of the estate." 23 C. J. 1158, and cases cited.

In the present case the beneficiaries of Hannah C. Jones' will answered plaintiff's bill, denying the fraud alleged, and claiming the benefits of the conveyances of October 30, 1912. In view of the authorities above cited, we are of opinion that the defendant H. C. Jones is bound by his declaration of trust in favor of his sons and daughter, and that they may enforce the same in a court of equity.

The decree appealed from will be reversed, and plaintiff's bill dismissed.

*Reversed; bill dismissed.*