F. O. LAMB, *Receiver, etc. v.* THE FIRST HUNTINGTON NATIONAL BANK, *Executor, etc., et al.*

(No. 8977)

Submitted January 30, 1940. Decided February 20, 1940.

*George S. Wallace,* for appellants.
*Herbert L. Carney,* for appellees.

MAXWELL, JUDGE:

This is a suit in chancery wherein there is drawn in question by the bill the legal affectiveness of a trust. The trial court having upheld the trust and dismissed the bill, the plaintiff and three defendants, all of whom prayed that the trust be held void, on joint petition were awarded this appeal.

The trust is embodied in a deed, dated December 31, 1921, whereby James A. Holley and wife and Robert H. Armstrong and wife conveyed to Robert H. Armstrong, trustee, numerous valuable parcels of real estate in the City of Huntington. Under a provision thereof the trust is to continue for a period of twenty years after the death of the survivor of several named persons, relatives of Holley. The deed reposes in the grantee broad discretionary powers concerning the management of the properties, and directs the manner of disposition of the net income. The deed was admitted to record January 14, 1922. Both Holley and Armstrong are dead. The defendant, The Charleston National Bank, has succeeded Armstrong as trustee.

At the time of his death in February, 1935, Robert H. Armstrong owed to Union Bank & Trust Company of Huntington five notes aggregating about $14,000.00. These notes all bear dates several years subsequent to the date of recordation of the trust deed above mentioned, and, presumably, represent debts contracted much later than

the trust deed. Lamb, as receiver of that institution, brought this suit for the purpose of ascertaining the liabilities and assets of the estate of Armstrong, and of having the trust deed of December 31, 1921, declared to be null and void, and without effect upon the creditors of his estate, so that the corpus of the undivided moiety which the decedent had in the properties described in the trust, and any interest which he may have acquired subsequently under the terms of the trust, may be subjected directly to the payment of the debts of his creditors, to the end that they may not be required to rely for the satisfaction of their debts solely on the net income which the Armstrong estate receives under the provisions of the trust.

By its answer The Charleston National Bank, trustee, denies that the trust is void as alleged in the bill, and avers its legality and binding effect. The defendants, Eunice Armstrong, widow of Robert H. Armstrong, deceased, Mary Eunice Armstrong, his daughter and only child, and The First Huntington National Bank, executor of his last will, by their joint answer, pray that the trust of December 31, 1921, be held to be void and of no effect. These three parties joined with the plaintiff in obtaining this appeal.

Primarily arresting one's attention is the fact that Robert H. Armstrong was both a grantor and the sole trustee in the trust deed under attack. But in that particular, the situation is neither anomalous nor incongruous, as first impression might suggest. Undoubtedly it is true, in the very nature of things, that where a grantor assumes to make a conveyance to himself as trustee, no title passes from the grantor and none comes to the grantee, but, at the very least, such instrument is fully operative as a declaration of trust. "He is not in reality transferring property from himself individually to himself as trustee, but is merely evidencing his intention to hold in trust the property which he previously held free of trust. At any rate, the trust is effectively created, whether in form the owner of the property

declares himself trustee or purports to convey the property to himself as trustee." 1 Scott on Trusts, sec. 100. "Without any transmutation of possession the owner of property may convert himself into a trustee of it by a proper declaration of the trust." Hill on Trustees (2nd Am. Ed.), p. 80. Consult: *Stearns Coal & Lumber Co. v. Jones,* 101 W. Va. 374, 132 S. E. 716; *Brandau* v. *McCurley,* 124 Md. 243, 92 Atl. 540, L. R. A. 1915C, 767; *Buchner* v. *Buchner,* 114 Pa. Super. 503, 174 Atl. 643; 1 Perry on Trusts and Trustees (7th Ed.), sec. 38.

There is no controversion that the deed of December 31, 1921, is effective to create a trust respecting the undivided interest of James A. Holley in the properties described therein. But insistence is made by the appellants that no trust arose as to the Armstrong interest because of alleged merger of the legal title of the trustee and the equitable title of the same individual as beneficiary. Where the same person is both the trustee and the sole beneficiary, amalgamation of the titles is complete and no trust arises. But the case is different where, as at bar, an individual is trustee for himself and others. Respecting such situation it is correctly said: "It is the equitable interest of the beneficiaries and not the legal interest of the trustee which is divided. The trust attaches to the whole of the trust property, and no part of it is held by the trustee free of trust." 1 Scott on Trusts, sec. 99.3. This analysis, we think, is proper because, where the same individual is both the sole trustee and one of several beneficiaries, though his interest is a moiety, his legal and beneficial interests are not the same—the trust is operative upon the corpus of the whole, while the equitable interest extends only to a proportionate share in the benefices arising under the trust. Consider 1 Bogert on Trusts and Trustees, sec. 129.

The trust at bar provides that the net income from the properties granted to the trustee shall be divided into two equal parts; one part "shall be retained by the said Trustee as his own share thereof, and the other half shall

be paid to the said James A. Holley during his lifetime" and thereafter to become part of the trust estate created by his will. In furtherance of their position herein the appellants stress the fact that the instrument contains no direction controlling the manner of disposition of Robert H. Armstrong's share of the net income after his death. This circumstance, in our opinion, is not important, because, in any event, proper application would necessarily follow, under the statute of descent and distribution, if he died intestate; otherwise under his will.

It is further urged by the appellants that, if by the deed of December 31, 1921, Robert H. Armstrong created a trust affecting his interest in the properties therein described, he thereafter revoked it when he executed two deeds of trust on his undivided interest in two of the parcels of real estate which were included in the deed of December 31, 1921. We are of opinion, however, that, Armstrong not having been the sole beneficiary, and not having reserved the power of revocation in the trust instrument wherein he participated as settler, he could not revoke as to his moiety without the consent of the other beneficiaries. 3 Scott on Trusts, sec. 340. Whether the subsequent deeds of trust executed by Armstrong had any effect in creating liens for the protection of the debts sought to be secured, need not here be considered. It is sufficient to note that the record discloses that those debts have been paid and the purported liens released.

Thus, having reached the conclusion that the stated instrument of December 31, 1921, created a trust effective upon the jointly owned real estate of both Armstrong and Holley, described therein, and that Armstrong's creditors whose debts came into existence subsequent to the creation of the trust are bound thereby, just as are his heirs, executor and distributees, we affirm the action of the trial court in denying relief to the appellants.

*Affirmed.*