# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Lawrence E. Haynes, Jr.,
**Plaintiff Below, Petitioner**

**vs) No. 15-0507** (Putnam County 12-C-408)

Joyce M. Lester and T. Carroll Boggess,
**Defendants Below, Respondents**

**FILED**

**April 29, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lawrence E. Haynes, Jr., by counsel William H. Scharf, appeals the May 1, 2015, order of the Circuit Court of Putnam County granting summary judgment in favor of Respondents Joyce M. Lester and T. Carroll Boggess. Respondents, by counsel Shawn D. Bayliss, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law, and finds that the circuit court was clearly wrong in its decision. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 5, 2001, petitioner sustained a workplace injury while in the employ of Respondent Boggess. In 2003, petitioner sued Respondent Boggess in the Circuit Court of Kanawha County related to this workplace injury and, on March 6, 2008, obtained a judgment against Respondent Boggess in the amount of $90,000.

On March 26, 2004, nearly four years prior to petitioner's judgment against him, Respondent Boggess conveyed a parcel of property in Putnam County to Respondent Lester. While the purported consideration for the conveyance was listed in the deed as $20,000, Respondent Boggess did not reserve any vendor lien in the deed and no deed of trust was prepared or recorded to secure payment of the purchase money. Petitioner alleges that the $20,000 consideration was never paid from Respondent Boggess to Respondent Lester, such that Respondent Boggess retained an implied vendor's lien on the property. Consequently, as a result of Respondent Boggess's implied vendor's lien and petitioner's subsequent civil judgment against Respondent Boggess, petitioner argued that he should also be entitled to a lien against Respondent Lester's property (for the unpaid purchase price of the property) and that the property should be sold to satisfy, in part, his judgment against Respondent Boggess.

On December 19, 2012, in an attempt to enforce his judgment against Respondent Boggess, petitioner filed, in the Circuit Court of Putnam County, a petition for judicial sale of the

property at issue. Respondents filed a motion for summary judgment arguing that petitioner had no viable claim or equitable interest in the property.

By order entered March 13, 2014, the Circuit Court of Putnam County granted summary judgment to respondents.[1] On appeal to this Court, petitioner contends that the circuit court erred in granting summary judgment to respondents by failing to recognize an exception to West Virginia Code § 38-1-1, to acknowledge that an implied vendor's lien would be good against the vendor's immediate vendee.

This Court reviews the entry of summary judgment de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we are mindful that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co., v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." "The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Painter.* To the extent that our resolution of this matter requires us to consider a statutory provision, our review is likewise de novo. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). *See Fleet v. Webber Springs Owners Ass'n, Inc.*, 235 W.Va. 184, 772 S.E.2d 369 (2015).

We begin our analysis of petitioner's appeal by examining West Virginia Code § 38-1-1, which provides that

> [i]f any person convey real estate, or any interest, legal or equitable, therein, and the purchase money or any part thereof remain unpaid at the time of the conveyance, he shall not thereby have a lien for such unpaid purchase money unless such lien is expressly reserved on the face of the conveyance. A vendor's lien may be enforced by a suit in equity.

In applying this statute to the facts of the instant case, the circuit court found that the deed conveying the property from Respondent Boggess to Respondent Lester did not contain a vendor's lien for any unpaid purchase money. As such, Respondent Boggess did not legally retain any valid lien against the property. Because Respondent Boggess did not retain any valid lien against the property, petitioner is precluded from asserting a claim against the property, as well. We agree.

West Virginia Code § 38-1-1 unambiguously states that in order to establish an enforceable vendor's lien, such lien must be "expressly reserved on the face of the conveyance."

---

[1]Both petitioner and respondents deny receiving a copy of the circuit court's March 13, 2014, order. Thereafter, on May 1, 2015, the circuit court issued an Amended Order granting summary judgment to respondents, to allow petitioner to perfect an appeal.

In syllabus point two of *Scraggs v. Hill*, 43 W.Va. 162, 27 S.E. 310 (1897), we held that "[a] vendor who does not expressly retain a lien for the purchase money in a deed made by him for land has no implied lien thereof on such land even as against his immediate vendee." In *Acadian Coal & Lumber Co. v. Brooks Run Lumber Co.,* 88 W.Va. 595, 107 S.E. 422 (1921), we further held that "[u]nder the statute abolishing the implied vendor's lien and providing for a statutory vendor's lien, such a lien can be created only by express contract. It can neither arise nor be extended by implication."

In the instant case, it is undisputed that the deed conveying the property at issue from Respondent Boggess to Respondent Lester did not contain any reference to a vendor's lien. As Respondent Boggess did not legally retain any valid lien against the property at issue, there was no property interest to which petitioner's judgment could attach. Accordingly, petitioner's claims against respondents herein were invalid as a matter of law and the circuit court's grant of summary judgment on behalf of respondents was proper.

For the foregoing reasons, we affirm the circuit court's May 1, 2015, order.

Affirmed.

**ISSUED: April 29, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II